**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. CR 23-0346 JB

FAYE JANZAD,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Faye Janzad's Sentencing Memorandum, filed May 25, 2025 (Doc. 137)("Sentencing Memorandum"). The Court holds the sentencing hearing on December 22, 2025. See Clerk's Minutes at 1, filed December 22, 2025 (Doc. 179). The primary issue is whether the Court should vary from the advisory guideline imprisonment range. Because the Court concludes that the factors in 18 U.S.C. § 3553(a) support a variance, given Janzad's lack of criminal history, longstanding commitment to serving veterans, a significant mental health condition that affects her conduct, and demonstrated compliance with the conditions of pretrial release, the Court varies from the Sentencing Guidelines rage of 33 to 41months, sentencing Janzad to 21 months of imprisonment and three years of supervised release. The Court further orders that Janzad pay a fine of $116,092.00, restitution in the sum of $163,363.03, and a special assessment totaling $400.00.

**LAW REGARDING 18 U.S.C. § 3553(A)**

Section 3553(a) of Title 18 of the United States Code states: "The court shall impose a sentence sufficient, but not greater than necessary" to comply with the purposes set forth in the statute. In imposing a sentence, a court must consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed --

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

U.S.C. § 3553(a).

## ANALYSIS

The Court concludes that the factors in 18 U.S.C. § 3553(a) support a variance, because Janzad's lack of criminal history, longstanding commitment to serving veterans, significant mental health condition, and demonstrated compliance with the pretrial release conditions outweigh the competing considerations favoring a within-Guidelines sentence. The Court concludes that a sentence of 21 months imprisonment and three years of supervised release achieves the purpose in § 3553(a).

### I. THE FACTORS IN 18 U.S.C. § 3553(A) SUPPORT A VARIANCE.

The Court concludes that four of the five factors it considers under § 3553(a) support a variance. Janzad has no prior criminal history despite experiencing significant childhood trauma, has devoted much of her life to serving veterans, commits the offense while suffering from a significant mental health condition that impairs her judgment, and has complied fully with the pretrial release conditions. Although the need to protect the public and avoid unwarranted sentencing disparities place upward pressure on the sentence, the mitigating factors present in this case outweigh those considerations. Furthermore, the Court concludes that a sentence within the Guideline range is greater than necessary to comply with the purposes set forth in § 3553(a).

#### A. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT.

The Court concludes that Janzad's history and characteristics support a variance. Janzad witnessed her father physically abuse her mother throughout her childhood. See Presentence

Investigation Report ¶ 62, at 15, filed January 30, 2025 (Doc. 110)("PSR"). Despite this unhealthy familial relationship, Janzad accumulates no criminal convictions before this case. See PSR ¶¶ 53-54, at 13. The Court also acknowledges that Janzad has devoted considerable effort to serving the veteran community by owning and operating Veterans Independent Living of Albuquerque ("VILA"), a nonprofit company that provides various social services to veterans in Albuquerque. See December 22, 2025, Hearing Transcript at 56:12-14 (Court)("Tr.").[1] The Court also concludes that Janzad commits this offense while suffering from a mental health condition; she repeatedly asserts that she was doing God's work and that this belief excuses her compliance with the law. See Tr. 56:15-22 (Court). Those statements suggest impaired judgment rather than ordinary criminal motivation. Under these circumstances, the Court sees insufficient justification for imposing a Guidelines sentence of 33 to 41 months on an individual whose demonstrated commitment to serving veterans, together with her psychological condition, distinguishes her from the typical offender. Accordingly, the Court concludes that both Janzad's personal characteristics and the circumstances surrounding the offense support a variance.

**B. THE NEED FOR THE SENTENCE TO AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT.**

The Court does not believe that a sentence in the advisory guideline range is necessary to afford adequate deterrence to Janzad's future criminal conduct. Although fiduciary misappropriation, see 38 U.S.C. § 6101 (authorizing up to five years imprisonment), and false statements, see 18 U.S.C. § 1001(a)(2) (authorizing up to five years imprisonment), are serious offenses, a below-Guidelines sentence in this case does not diminish the seriousness of those crimes. Instead, the circumstances demonstrate that a lesser sentence is sufficient to deter future

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

misconduct. Since being placed on pretrial supervision on April 5, 2023, Janzad has complied with every condition of release without violation. See PSR ¶ 4, at 3. That sustained compliance reflects a willingness to abide by court-imposed conditions and reduces the need for additional deterrence. Moreover, Janzad's lack of criminal history indicates a lower risk of recidivism and suggests that a lengthy term of imprisonment is unnecessary to deter future criminal conduct. See United States v. Huckins, 529 F.3d 1312, 1318 (10th Cir. 2008). The Court therefore concludes that a below-Guidelines sentence, followed by a substantial term of supervised release, adequately deters future criminal conduct.

**C. NEED TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT.**

The Court concludes that the need to protect the public places upward pressure on the sentence. First, the Judiciary Sentencing Information ("JSIN") data closely tracks the advisory Guideline range, so avoiding unwarranted sentencing disparities favors a sentence within that range. See Tr. 58:1-25 (Court). The Court is also concerned about Janzad's future ability to manage other people's money, because this offense involves an abuse of a position of trust. See Tr. 58:1-25 (Court). In addition, the Court does not find Janzad credible. See Tr. 58:1-25 (Court). Having observed her testimony at trial and her conduct throughout this case, the Court concludes that Janzad continues to view herself as the victim rather than accepting responsibility for her criminal conduct. See Tr. 58:1-25 (Court). Her lack of remorse increases the risk of future misconduct and weighs in favor of a longer sentence. Nevertheless, although this factor places upward pressure on the sentence, the Court concludes that it is outweighed, both qualitatively and quantitatively, by the factors supporting a downward variance.

**D. THE NEED FOR THE SENTENCE TO PROVIDE THE DEFENDANT WITH TRAINING, MEDICAL CARE, OR OTHER CORRECTIONAL TREATMENT IN THE MOST EFFECTIVE MANNER.**

The Court concludes that a sentence within the Guideline range would not provide Janzad with needed treatment in the most effective manner. Janzad suffers from significant mental health issues, and, in the Court's view structured supervision in the community is likely more appropriate to address these mental health issues than a longer period of incarceration. See Tr. 56:15-22 (Court). The Court believes that a term of imprisonment is warranted -- specifically, 21 months -- but concludes that Janzad's mental health treatment, educational needs, and other rehabilitative services can be provided more effectively during supervised release. See Tr. 60:17-21 (Court). Although the Bureau of Prisons offers mental health counseling, a longer custodial sentence would not better address Janzad's particular condition. Given Janzad's mental health needs, the Court concludes that a below-Guidelines sentence is sufficient to provide effective correctional treatment. This factor therefore supports a variance.

**E. WHETHER INCARCERATION WITHIN OR EVEN BELOW THE GUIDELINE RANGE IS GREATER THAN NECESSARY FOR § 3553(A) PURPOSES.**

The Court does not minimize either the offense's seriousness or the importance of protecting veterans in the community from financial exploitation. Nevertheless, the Court concludes that a sentence within the Guideline range is greater than necessary to satisfy the sentencing's purposes in § 3553(a). Janzad is an older Defendant with no prior criminal convictions despite growing up in a home with domestic violence. She also has devoted substantial time and effort to serving veterans through VILA and in her personal life. In addition, the Court concludes that Janzad's criminal conduct was significantly influenced by her mental health condition, which is more appropriately addressed through supervised release than through additional incarceration. Finally, Janzad demonstrates respect for the Court by fully complying with her pretrial release conditions. Considering these factors together, the Court concludes that a

below-Guidelines sentence is sufficient, but not greater than necessary, to achieve the sentencing's purposes and therefore that a variance is appropriate.

## II. THE COURT DOWNWARDLY VARIES FROM THE ADVISORY GUIDELINE SENTENCE.

As the Court explains at the sentencing hearing, Janzad's total offense level is 20, and with a criminal history category of I, her Guidelines imprisonment range is 33 to 41 months. See Tr. 27:18-20 (Court). There are sixteen factors that put downward pressure on the sentence to take it outside of the guideline range. See Tr. at 55:20-21 (Court). First, Janzad has done good work in the community. This factor feeds into the express § 3553(a) factors. The Court considers the need for the sentence imposed "to promote respect for the law," § 3553(a)(2)(A), a factor which, in the Court's view places both upward and downward pressure on the sentence. The Court also considers the "need for the sentence imposed . . . to provide just punishment for the offense," and concludes that this factor also paces both upward and downward pressure on the sentence. Fourth, the Court concludes that Janzad likely will have positive outcomes on supervised release. Fifth, and relatedly, the Court considers the opportunity for Janzad on supervised release -- including opportunities for education, training, and care to help her address the problems that have brought her before the criminal justice system -- and concludes that this fact applies downward pressure on Janzad's Guidelines sentence. See 18 U.S.C. § 3553(a)(2).

Sixth, the Court concludes that, based on the case's facts and circumstances, a below Guidelines sentence likely reflects a sentence that is sufficient, but not greater than necessary, to comply with the sentencing purposes set forth in § 3553(a)(2). Seventh, Janzad has done good work for veterans in the community. Eight, as described above, Janzad suffers from mental health issues that place downward pressure on the sentence. See 18 U.S.C. § 3553(a)(2). Ninth, Janzad owns VILA, a company that provides good services. See 18 U.S.C. § 3553(a)(2). Tenth, VILA

appears to be an affordable option for veterans. See 18 U.S.C. § 3553(a)(2). Eleventh, Janzad appears to have a history of doing things for others. See 18 U.S.C. § 3553(a)(2). Twelfth, Janzad has been compassionate towards others. See 18 U.S.C. § 3553(a)(2). Thirteenth, Janzad has been a friend to veterans and others. See 18 U.S.C. § 3553(a)(2). Fourteenth, in Janzad's view she is doing God's work. See 18 U.S.C. § 3553(a)(2). Fifteenth, and relatedly, Janzad believes that doing God's work excuses her from the law. See 18 U.S.C. § 3553(a)(2). Sixteenth, Janzad's ability to pay a fine also places downward pressure on the sentence.

As discussed at sentencing, the Court determines that thirteen factors put upward pressure to keep the sentence in the Guidelines range. See Tr. 58:13-14 (Court). First, the Court considers the need for the sentence imposed "to promote respect for the law," § 3553(a)(2)(A), a factor which, in the Court's view placed both upward and downward pressure on the sentence. Second, the Court considers the "need for the sentence imposed . . . to provide just punishment for the offense," and concludes that this factor also places both upward and downward pressure on the sentence. Third, the Court considers the need for the sentence to reflect the seriousness of the offense, see § 3553(a)(2)(A), and concludes that this factor puts upward pressure. Fourth, the Court considers the "need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," and concludes that this factor puts upward pressure on the sentence to keep it within the Guidelines range. 18 U.S.C. § 3553(a)(2)(B). Fifth, and more specifically, the Court weighs the need to afford adequate general deterrence, the need to demonstrate that these crimes have to be punished, and the need to protect veterans. Sixth, and relatedly, the Court weighs the general deterrence-related need to protect the public from individuals who seek to steal money from veterans.

Seventh, the court weighs the need to avoid unwarranted sentencing disparities that the Guidelines -- calculated objectively according to impersonal standards -- promote. Eighth, as for specific deterrence, the Court factors the need to prevent Janzad from being able to take care of other people's money. Ninth, Janzad's attempt to obstruct justice in this case troubles the Court. Tenth, the Court concludes that Janzad is not credible. Eleventh, that Janzad has maintained throughout these proceedings that she is a victim puts upward pressure on her sentence. See 18 U.S.C. § 3553(a)(2)(C). Twelfth, that Janzad has not taken responsibility puts upward pressure. See 18 U.S.C. § 3553(a)(2)(B). Thirteenth, Janzad's ability to use people -- particularly how she has used some of the fine members of the bar -- also places upward pressure on the sentence.

As noted on the record at Janzad's sentencing hearing, although these factors place upward pressure on the sentence, the Court concludes that the factors supporting a downward variance outweigh, both qualitatively and quantitatively, those that put upward pressure to keep the sentence in the Guideline range. Although the Court begins with the advisory Guideline range, it concludes that the recommended sentence overstates the punishment necessary to achieve sentencing's purposes in light of the case's particular circumstances. Accordingly, the Court concludes that a variance equal to a 4-level downward variance is appropriate and therefore applies an offense level of 16 with a criminal history category of I. See Tr. 60:12-20 (Court). The result is a working Guideline range of 21 to 27 months. See Tr. 60:12-20 (Court).

The Court considers carefully the § 3553(a) factors, the Guidelines, the PSR, and the Sentencing Memorandum. In considering the § 3553(a) factors, outlined above, the Court concludes that a sentence of 21 months with three years of supervised release is sufficient, without being greater than necessary, to comply with the purposes of punishment set forth in the Sentencing Reform Act, Pub. L. No. 98-473, 98 Stat. 1978-2001 (1984). In sum, as the Court's

statements at the sentencing hearing reflect -- in addition to its analysis in this MOO -- the Court considers the Guidelines, but, in arriving at a sentence, the Court has taken into account not only the Guidelines but other sentencing goals, including the § 3553(a) factors. See United States v. Martinez-Barragan, 545 F.3d 894, 903 (10th Cir. 2008). The Court therefore imposes a sentence of 21 months with three years of supervised release. Moreover, based on Janzad's financial resources, the Court imposes a fine of $116,092.00 to help compensate the United States for the incarceration and supervision. See Tr. at 66:1-4 (Court). Janzad must pay $163,363.03 in restitution. See Tr. at 66:16-20 (Court). Janzad also must pay a special assessment of $400.00. See Tr. at 67:10-16 (Court).

**IT IS ORDERED** that: (i) the request in Defendant Faye Janzad's Sentencing Memorandum, filed May 25, 2025 (Doc. 137)("Sentencing Memorandum"), is granted in part and denied in part; and (ii) the Court will not give Janzad a time served sentence, but alternatively, varies downward imposing a sentence of 21 months with three years of supervised release.



UNITED STATES DISTRICT JUDGE

*Counsel:*

Todd Blanche
Attorney General
Ryan Ellison
First Assistant United States Attorney
Frederick T. Mendenhall, III
Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Jon K. Stanford
The Law Office of Jon Stanford

Albuquerque, New Mexico

-- and --

Shaheen P. Torgoley
Ryan Rapp Pacheco & Kelley, PLC
Phoenix, Arizona

--and--

Joel R. Meyers
Santa Fe, New Mexico

*Attorneys for the Defendant*