**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. CR 23-0346 JB

FAYE JANZAD,

Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion for Bail Pending Appeal, filed January 19, 2026 (Doc. 187)("Motion for Bail"). The Court holds a hearing on March 24, 2026. See Clerk's Minutes at 1, filed March 24, 2026 (Doc. 200). The primary issue is whether the Court will permit Defendant Faye Janzad's continued release while the United States Court of Appeals for the Tenth Circuit considers her forthcoming appeal. The Court concludes that it will not permit Janzad's continued release while the Tenth Circuit considers her forthcoming appeal, because Janzad does not prove by clear-and-convincing evidence that the appeal raises a substantial question of law or fact. The Court therefore denies the Motion for Bail.

## ANALYSIS

The default rule is that a judge shall order a person who has been found guilty of an offense to be detained. See 18 U.S.C. § 3143(a)(2). In arguing for release pending appeal, Janzad holds the burden of proof by clear-and-convincing evidence that: (i) she is "not likely to flee or pose a danger to the safety of any other person or the community"; (ii) the appeal is "not for the purpose of delay"; (iii) the appeal "raises a substantial question of law or fact"; and (iv) "if the substantial question is determined favorable to the defendant on appeal, that decision is likely to result in a

reversal on all counts on which imprisonment has been imposed." United States v. Affleck, 765 F.2d 944, 946 (10th Cir. 1985)("Affleck"). Janzad has not met her burden of proof.

A "substantial question" is one of "more substance than would be necessary to a finding that it was not frivolous." Affleck, 765 F.2d at 952. "It is a close question or one that very well could be decided the other way." Affleck, 765 F.2d at 952. Moreover, a substantial question "is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." Affleck, 765 F.2d at 952. Janzad, in four short paragraphs, argues that substantial questions of law or fact exist as to her fiduciary misappropriation conviction, her false statement conviction, and regarding her sentencing:

> a. Regarding Fiduciary Misappropriation (38 U.S.C. § 6101): The appeal will raise substantial questions about whether the government properly established the existence of a fiduciary relationship, whether the jury instructions correctly stated the elements of the offense, and whether there was sufficient evidence of intent to misappropriate funds.
>
> b. Regarding False Statements (18 U.S.C. § 1001(a)(2)): The appeal will raise substantial questions about the materiality of the alleged false statements, whether the jury instructions properly defined the knowledge requirement, and whether there was sufficient evidence that Ms. Janzad knew the statements were false when made.
>
> c. Regarding Sentencing: The appeal will raise substantial questions related to loss amount, and whether the alleged victim suffered any loss at all. This will directly impact the procedural reasonableness of Ms. Janzad's sentence.
>
> These questions are "fairly debatable," and they involve complex legal issues regarding the elements of the offenses and the sufficiency of evidence presented at trial. The questions are not frivolous but rather present genuine legal and factual issues that warrant appellate review.

Motion for Bail at 7-8. As Plaintiff United States of America notes, Janzad makes only conclusory statements about how these issues raise substantial questions of law or fact. See United States' Response to Motion for Bail Pending Appeal at 4, filed February 9, 2026 (Doc. 191)("Response"). Janzad offers no analysis as to what the substantial question is with respect to any of these issues, leaving the Court to guess how, if at all, there will be any issues on appeal, let alone "substantial

questions" about the Court's rulings. Janzad therefore has not met her burden of proof on this element. Instead of a rifle shot, saying here is the big issue that likely is going to result in reversal, Janzad has used a shotgun blast, raising a host of issues. Janzad has not shown how the Court erred on any one issue, much lease all the issues raised.

Moreover, to prevail, Janzad must establish a substantial question of law or fact likely to result in a reversal or an order for a new trial on all counts resulting in terms of imprisonment. See Affleck, 765 F.2d at 953. Because the Court imposes a 21-month sentence for each count of conviction, Janzad must show there is a substantial question likely to result in reversal as to each of these counts. See Affleck, 765 F.2d at 953. The Court has not identified a single count, let alone every count, for which Janzad has shown a substantial question of law or fact. The Court therefore denies the Motion for Bail.

**IT IS ORDERED** that the Motion for Bail Pending Appeal, filed January 19, 2026 (Doc. 187), is denied.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Todd Blanche
Attorney General
Ryan Ellison
First Assistant United States Attorney
Frederick T. Mendenhall, III
Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Jon K. Stanford
The Law Office of Jon Stanford
Albuquerque, New Mexico

-- and --

Shaheen P. Torgoley
Ryan Rapp Pacheco & Kelley, PLC
Phoenix, Arizona

--and--

Joel R. Meyers
Santa Fe, New Mexico

*Attorneys for the Defendant*